EASTERN DIS.
*March,* 1833.

ROCHELLE'S
HEIRS
*vs.*
COX.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, so far as it relates to the apprentice, John Baptiste, be affirmed, and that the judgment of said court in relation to Pierre Evariste, be reversed, and that as to him, there be judgment in favor of the defendant, the costs to be paid in equal proportions by the plaintiff and defendant.

*Levy* and *Buchanan,* for appellant.

*Chapotin,* for appellee.

---

## ROCHELLE'S HEIRS *vs.* COX.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The return of a process made before judgment, cannot be amended after it.

It is no objection to an amended return, that it contradicts the original one.

If a petition states the defendants are bound *in solido,* and prays judgment, without saying against whom or in what manner, judgment is given according to the obligation as stated.

The defendant and nine others, were the sureties of William Gibbes, late Paymaster of the First Regiment of Infantry, in the army of the United States, on a bond in the penalty of ten thousand dollars.  In the words of the bond, they "*are held and stand firmly bound and obliged* unto the United States of America," &c.

EASTERN DIS.
*March,* 1833.

ROCHELLE'S
HEIRS
*vs.*
COX.

Another bond with the same penalty, was also given by Gibbes and others to the United States, but to which the defendant was not a party.

On the 21st January, 1819, judgment was rendered in the District Court of the United States for the Eastern District of Louisiana, on the bond, which the defendant, among others, had signed; and on the 5th October, 1826, a writ of *fieri facias* was issued, upon which, the marshal of the court made the following return:—

"Received, 5th October, 1826. Served upon W. H. Montgomery same day, as one of the executors of the late R. L. Rochelle, one of the securities. Stayed by agreement of the Attorney General, J. W. Smith. Returned 11th December, 1826."

On the 2d of June, 1827, the following entry was entered on the record and attested by the clerk. "In this case, it appearing that subsequent to the date of the judgment, the balance due the United States from the said Gibbes, late Paymaster in the army of the United States, has been reduced; it further appearing that no citation had been served in the suit of the United States vs. William Gibbes, as Paymaster in the army; and that a certain agreement was on        day last, entered into by the executors of R. L. Rochelle, with the District Attorney, as one of the securities, (of which a copy is herewith filed,) respecting the payment of said debt; ordered, that the said two judgments be amended, so as to call for fourteen thousand four hundred and eighty dollars and twenty-three cents, with interest at the rate of six per cent. from the date of said agreement."

Judgment having been rendered in the court below for the plaintiffs, the defendant appealed.

*Strawbridge,* for appellant.

1. The attempt to amend the judgment is a nullity.
2. So is the attempt to amend the Marshal's return.
First. Because it was too late.   10 *M. Rep.* 91.
Second. Because it was to *contradict* the former return.

EASTERN DIS.
March, 1833.

ROCHELLE'S
HEIRS
vs.
COX.

3. That return stated the writ had been "stayed by agreement with the District Attorney." Had the money been made under that writ, it must have been stated. To declare that a writ had been stayed by plaintiff's agreement, and to declare that the officer had made the money, are different things. If the Attorney General stayed the writ, the Marshal had no authority to act under it. If he received the money, he received it without authority.

4. The levy is not a satisfaction of the debt. *8th Johns. Rep.* 249. The case now before the court, then rests upon the same ground as that formerly decided.

5. If the judgment was only several, Rochelle was not bound with or for Cox, for his share, and there is no legal subrogation, and a conventional one is not shown.

*Carleton, Locket, and Kelly,* for appellees.

MARTIN, J. delivered the opinion of the court.

The plaintiffs state, that their ancestor, the defendant, and eight other persons, were sureties of Gibbes, a regimental Paymaster of the United States, on a bond, the penalty of which, was ten thousand dollars, on which the United States obtained judgment against the principal and his sureties; and on the same day, they also obtained another judgment of the same amount, on another bond, against the same principal, the plaintiffs ancestor and others, his sureties, but not against the defendant, who was not a party to the second bond. That it being ascertained that the sum due by Gibbs was less than the aggregate amount of both judgments, it was reduced to fourteen thousand four hundred and eighty dollars and twenty three cents, with interest at six per cent. from the 26th of October, 1826, on which day, the executors of the plaintiff's ancestor, paid to the Marshal of the United States, who had in his hands writs of execution issued on said judgments, thirteen thousand one hundred and thirty-seven dollars and fifty-seven cents, out of the moneys of the estate; and on the 7th of April, 1827, they paid into court, out of the same moneys, one thousand seven hundred and twenty-five dollars,

EASTERN DIS.
March, 1833.

ROCHELLE'S
HEIRS
vs.
COX.

in satisfaction of said judgments; in all, fourteen thousand eight hundred and sixty-two dollars and fifty cents, which sum was afterwards paid to the proper officer of the treasury of the United States; one half of which went to the discharge of the judgments obtained on the part of Gibbes' bond, being the one in which the defendant was bound as a surety.

The plaintiffs averred that they were by this payment subrogated to the rights of the United States Court, and consequent judgment against the defendant, for his proportion thereof. That the principal and all the sureties on the bonds, except the plaintiff's ancestor, the defendant, and two others, viz: Henderson and Ramsey, are insolvent.

. On these facts, the plaintiffs claimed judgment for one-fourth of the sum paid in discharge of the judgment against their ancestor, the defendant, their co-sureties and principal, with interest from the day of payment till that of satisfaction.

The general issue was pleaded.

The District Court was of opinion that *six* of the sureties were still solvent, and gave judgment accordingly.

The defendant appealed.

His counsel has not contested any of the facts proven below, except the insolvency of some of the sureties; but he has argued the nullity of the amendment of the judgment and that of the amendment of the return of the Marshal of the United States, to the execution.

What the counsel is pleased to call the amendment of the judgments obtained by the United States, is nothing but the entry by which the United States admitted that the judgments were reduced to the real balance due by Gibbes, which a partial settlement of accounts ascertained. This is the constant practice, where a plaintiff, in Courts of the United States, discovers he has taken judgment for more than is really due to him, a measure demanded by a strict moral sense, and often necessary to avoid being mulcted in costs of a suit in a Court of Equity, if the defendant be driven to his resort there for an injunction. Neither are we able to see what benefit could result to the defendant, if the objection was sustained; for this could not diminish the plaintiff's claim on him.

As to the amendment of the Marshal, the counsel has EASTERN DIS.
*March*, 1833.

ROCHELLE'S
HEIRS
*vs.*
COX. contended that it was made too late, and he has referred us to 10 *Martin*, 91, *the case of Hatton* vs. *Stillman, and al.*, in which we held that the Sheriff's return could not be amended, after the termination of the suit.

The return of a process being the basis, the foundation on which the judgment rests, it is clear that it must be amended, if amended at all, before judgment, for after it, the foundation of it cannot be subtracted; it is otherwise as to returns, posterior to the judgment, like that in an execution. To such a return, the rule in 10 *Martin* cannot be said to be applicable.

*The return of a process made before judgment, cannot be amended after it.*

It has next been contended that the amendment in the second return, contradicted the first. The one stated the writ to have been stopped by the direction of the District Attorney, the other that the money was made. It appears to us every amended return must contradict the former absolutely or partially, *i. e.* by adding to or detracting from it; and if a return can be amended, it cannot be a good objection to the amendment, that it contradicts the original return.

*It is no objection to an amended return, that it contradicts the original one.*

Lastly, the defendant's counsel has asserted, that the judgment was several *only*; that the plaintiff's ancestor was not bound with or for the defendant's, therefore there was no legal subrogation, and a conventional one is not pretended.

In the case of the United States *vs.* Hawkins' heirs, 4 *Martin, N. S.* 313, we held that a judgment against several persons, which does not exist, they are condemned *in solido*, binds them for their virile part only. That the judgment may be presumed to follow the obligation it enforces, the presumption ceases, where the claim does not follow the obligation. We think the converse of this proposition is correct, *i. e.* that where the obligation is stated to be *in solido*, and the petitioner claims judgment on it, the judgment must be presumed to be *in solido*. In the present case, the petition states the parties to be bound in solido, and prays judgment, without saying against whom, nor in what manner. The conclusion, therefore, is, that judgment is given according to the obligation as stated in the pleading.

*If a petition states the defendants are bound in solido, and prays judgment, without saying against whom or in what manner, the judgment is given according to the obligation as stated.*

The record shows that six of the sureties only are solvent.

They are all to bear the shares of the four who are not so. *Old Civil Code*, 430 *a* 12. The first judge consequently correctly concluded, that the defendant was liable for one-sixth of the sum paid by the plaintiffs' ancestor in discharge of the judgment obtained on the bond.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.